## HAYDEN *v.* HERTZINGER.

Where, in consequence of the debtor's not having been put in default for the non-perform-
ance of his contract, damages cannot be recovered, evidence to prove the amount of dam-
age should be rejected.

Where a defendant objects to the admission of any evidence on the part of plaintiff until he
has elected between two inconsistent causes of action, and the objection is sustained, and
plaintiff excepts but insists that the case shall go to the jury, and the judge sanctions this
irregular proceeding, evidence in support of the contract sued on must be admitted.

APPEAL from the District Court of Jefferson, *Clarke, J. Michel*, for the plaintiff. *Elliott* and *Brewer*, for the appellant. The judgment of the court was pronounced by

ROST, J. The plaintiff claims the specific performance of the unexpired portion of a contract of lease alleged to have been made to him for six years, and damages for the non-delivery of the property at the time stipulated in the contract. The defendant filed a general denial, and, in an amended answer, admitted that he had leased the premises claimed by the plaintiff for one year; but he further averred that the plaintiff refused to pay the rent, to take possession of the property or in any manner to execute the lease, by reason whereof, he considered the contract at an end, and leased the premises to other persons. On the trial of the cause, the defendant objected to the introduction of evidence offered by the plaintiff to prove the damages alleged, on the ground that the claim for damages was inconsistent with that for a specific performance of the contract of lease. The court sustained the objection, and the plaintiff took a bill of exceptions. The plaintiff then offered other evidence to which the defendant objected, on the ground that no evidence should be admitted until the plaintiff had elected between the two inconsistent causes of action. The court also sustained this objection, and the plaintiff excepted, insisting at the same time that the case should go to the jury. The judge sanctioned this irregular proceeding; and the jury having returned a verdict in favor of the defendant, which was made the judgment of the court, the plaintiff has appealed, and now contends that the court below could render no judgment, and was obliged by law to have dismissed the action.

This may be true, but the objection comes with bad grace from the party at whose instance the case was tried. There is no allegation in the petition that the plaintiff had put the defendant in default, and it is not pretended that he had. Without this prerequisite no damages could be recovered from the de-

HAYDEN
*v.*
HERTZINGER.

fendant; and, and without going into the inquiry whether the pleas of the plaintiff are inconsistent, the judge did not err in rejecting the evidence offered to prove the damages, because the plaintiff was not in a situation to recover them.   13 La. 499, 229.

The plaintiff having insisted upon going on with the trial, and the judge having assented to it, the evidence adduced by him in support of the contract of lease should have been received, and the case must be remanded to correct that error.

It is therefore ordered that the judgment be reversed, and the case remanded for further proceedings, with directions to the district judge to disregard the claim for damages.   It is further ordered that the defendant and appellee pay the costs of this appeal.